IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE BREWER, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| PEPPERIDGE FARM, INCORPORATED, | ) ) ) |
| Defendant | ) ) |

Case No. 21-cv-535

Jury Demanded

**CLASS ACTION COMPLAINT**

Plaintiff Tyrone Brewer, on behalf of himself and a putative class, brings this Class Action Complaint against Defendant Pepperidge Farm, Incorporated ("Pepperidge Farm") for its violations of the Illinois Biometric Privacy Act, and alleges the following:

**NATURE OF THE ACTION**

1. When employees are hired at Pepperidge Farm they have their fingerprints scanned into one of its biometric time clocks.

2. Each day the employees press their finger into the time clock to "punch" in and out and to get through a door, so that Pepperidge Farm may record its employees' arrival, departure, and break times.

3. While the use of fingerprint scans may be more secure for the building than key fobs, identification cards, or combination codes, the use of biometric identifiers in the workplace entails risks for the employees. Fingerprints are permanent, unique biometric identifiers that will be associated with the employee forever, whereas other security measures that may be misplaced

or stolen can be deactivated. Keeping employees' biometric identifiers on file exposes them to serious privacy risks like identity theft and unauthorized tracking.

4. Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") to regulate private entities that collect and store biometric identifiers, such as fingerprints.

5. Pepperidge Farm violated their employees' privacy rights by unlawfully collecting, storing, and/or using their biometric data and information not in accordance with BIPA.

## PARTIES

6. Plaintiff Tyrone Brewer is a natural person and resident of this district, and former employee of the defendant.

7. Defendant Pepperidge Farm, Incorporated is a Connecticut corporation, with its headquarters in Connecticut, manufacturing plants in Illinois and Pennsylvania, and its registered agent C T Corporation System located at 208 S LaSalle Street, Suite 814, Chicago, Illinoi 60604.

## JURISDICTION AND VENUE

8. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) over the Defendant.

9. The parties are all completely diverse: Tyrone Brewer is a citizen of Illinois. Pepperidge Farm is a Connecticut corporation with its principal place of business also in Connecticut.

10. An individual may recover between $1,000 and $5,000 in statutory damages for *each* violation of BIPA. Mr. Brewer estimates he scanned his hand 6 times a day, 6 days a week, for his three-week term of employment. Based on the length of time Mr. Brewer worked for Defendant and the number of times his handprint was scanned each day, the statutory damages he is entitled to far exceed $75,000.

11. This Court has personal jurisdiction over Defendant because it conducts a substantial amount of business here which forms the basis of Plaintiff's claims. Defendant's Illinois manufacturing plant is located at 230 2nd St, Downers Grove, IL 60515.

12. Venue is proper here under 28 U.S.C. § 1391(b)(2) because a substantial amount of the acts and omissions giving rise to the claims occurred in Illinois.

### PLAINTIFF'S FACTUAL ALLEGATIONS

13. Plaintiff was employed at Pepperidge Farm for May of 2020, contracted by a temporary agency located in the same building.

14. At the start of his employment, his handprint was scanned and saved by the biometric time clock system. His handprint was then used to identify him during his workhours, when he needed to get through the building door.

15. Each time Plaintiff needed to access the building, Plaintiff had to scan his hand on a biometric time clock that looked like a 3-foot-tall podium and enter in a six-digit code, which was the last six digits of his social security number, to open the door.

16. Defendant was in actual possession of Plaintiff's biometric information contained in the biometric time clock system.

17. Plaintiff saw his coworkers use the same scanner as he did and estimates that he and the other class members were asked to scan their hands three to six times per day over the course of their employment.

18. More than ten years ago, the Illinois Legislature recognized the promises and perils of biometric identification technology. It passed the Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, to establish and safeguard Illinois' residents absolute right to control their biometric data.

19. Under the act, a fingerprint or a handprint are biometric identifier. *Id.* at § 14/10.

20. Biometric information is any information derived from a biometric identifier, regardless of how it is captured, stored, or shared. *Id.*

21. Defendant used the scanner system to capture the handprints of its numerous employees and store them for future use.

22. Plaintiff's and Class members' handprints were obtained by Defendant and stored on Defendant's equipment to later identify each individual.

23. Each time Plaintiff scanned his handprints using the scanner, the Defendant obtained his handprint.

24. Under the act, a private entity in possession of either biometric identifiers or information must develop a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying the information or identifiers. *Id.* § 14/15(a). Private entities must also comply with that policy.

25. Defendant has not provided any policy establishing either a retention schedule or guidelines for permanently destroying the biometric data. Plaintiff was not informed of any such policy and no policy was made publicly available. Based on these facts, Defendant did not develop any policy regarding biometric information, nor could they have complied with any policy.

26. Under the act, a private entity is prohibited from collecting, capturing, or otherwise obtaining a person's biometric information or identifier unless it first: a) informs the subject in writing that the information or identifier is being collected or stored; b) informs the subject in writing of the specific purpose and length of term for which the information or identifier is being

4

collected, stored, or used; and, c) receives a written release from the subject of the information or identifier. *Id.* at § 14/15(b).

27. Plaintiff or any member of the Class were not, at any relevant time, informed in writing of any of the information required under § 14/15(b). Neither the Plaintiff nor members of the putative Class executed a written release to their employer.

28. Under the act, a private entity in possession of biometric information or identifiers may not disclose, redisclose, or disseminate a person's biometric identifier or information unless the person consents to the disclosure or re-disclosure. *Id.* at § 14/15(d).

29. Specifically, on information and belief, Defendant allowed other employees and third-parties (for example, the on-site staffing company that hired Plaintiff) access to the print and scan database and disseminated the biometric information by transmitting it both internally and externally.

30. Plaintiff Brewer and the putative class members never consented to these disclosures.

31. Lastly, a private entity in possession of biometric identifiers or information must store, transmit, and protect from disclosure all biometric identifiers and information using a reasonable standard of care and in the same way the private entity stores, transmits, and protects other sensitive information. *Id.* at § 14/15(e).

32. On information and belief, access to the fingerprint database was essentially open to large numbers of the Defendant's employees, agents, and subcontractors. Defendant did not store, transmit, or protect the handprint database in the same way it would do so to other sensitive information. For example, Defendant did not encrypt the biometric data they stored on their servers.

## CLASS ALLEGATIONS

33. Tyrone Brewer brings this action on behalf of himself and under Fed. R. Civ. P. 23, on behalf of a class defined as:

> All persons in the United States who are or were employed by Pepperidge Farms, and whose handprint is or was collected, captured or otherwise obtained by the company, at any time from five years before the date of Plaintiff's original complaint to the date the class is certified.

Plaintiff reserves the right to amend or modify the Class definition as necessary following discovery.

34. On information and belief, the Class is so numerous that joinder is impracticable. While the exact number is unknown, Plaintiff believes that Defendant has saved handprint scans of hundreds of its various employees, without written releases.

35. Common questions of law and fact exist and predominate over individual questions and include:

    a. Whether Defendant collected, captured, or otherwise obtained the Class's biometric identifiers;

    b. Whether Defendant informed Class members in writing of the specific purpose for collecting, using, and storing their biometric identifiers;

    c. Whether any of the members consented, via a written release, to their biometric identifier being used and stored by Defendant;

    d. Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers;

    e. Whether Defendant complied with any such written policy;

  f. Whether defendant disclosed, re-disclosed, or otherwise disseminated the biometric information and identifiers and if so whether they obtained consent to do so from each individual.

  g. Whether Defendant stored, transmitted, and protected the fingerprint database with the requisite level of care.

  h. The extent of any damages incurred by Class members as a result of Defendant's actions.

36. Plaintiff's claims are also typical and co-extensive with the claims of the class because he and members of the Class have all suffered the same injuries as a result of identical conduct by the Defendant.

37. Plaintiff will fairly and adequately protect the interests of the proposed Class and he has retained counsel with experience in consumer law, Illinois law, and federal class actions.

38. A class action is superior to other methods of adjudication. The Class seeks injunctive relief applicable to the Class as a whole; due to the complexity of the claims, individual actions are not likely to be economically feasible; based on the possibility of a very large Class size, individual litigation would be a burden on the courts and result in delay and inconsistent results.

### COUNT I – VIOLATIONS OF BIPA 740 ILCS § 14/15(a)

39. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

40. Defendant violated BIPA 740 ILCS § 14/15(a) by failing to develop and maintain a publicly available retention and destruction schedule.

41. Defendant also violated BIPA 740 ILCS § 14/15(a) by failing to comply with any such policy.

42. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

### COUNT II – VIOLATION OF BIPA 740 ILCS § 14/15(b)

43. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

44. Defendant violated BIPA 740 ILCS § 14/15(b) by obtaining biometric identifiers without making the required disclosures and receiving a written release from each Class member.

45. Defendant did not make disclosures to Plaintiff or the Class members.

46. Neither Plaintiff nor the Class members executed a written release.

47. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

### COUNT III – VIOLATION OF BIPA 740 ILCS § 14/15(d)

48. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

49. Defendant violated BIPA 740 ILCS § 14/15(d) by disclosing, re-disclosing, or disseminating Plaintiff and the Class members biometric information.

50. Defendant allowed other employees and third-parties access to the print database and servers and disseminated the biometric information by transmitting it both internally and externally.

51. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

### COUNT IV – VIOLATION OF BIPA 740 ILCS § 14/15(e)

52. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

53. Defendant violated BIPA 740 ILCS § 14/15(e) by failing to store, transmit, and protect the fingerprint database with the requisite level of care.

54. Access to the handprint database and the biometric information and identifiers stored therein was, on information and belief, protected only with weak and/or shared passwords and unencrypted.

55. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tyrone Brewer, on behalf of himself the Class, respectfully requests that the Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above (or on behalf of such other class the Court deems appropriate), appointing Plaintiff as representative of the Class, and appointing his attorneys as class counsel;

B. Awarding liquidated damages of $1,000 for each negligent violation, and $5,000 for each intentional or reckless violation, of BIPA that Defendant committed;

C. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an order requiring Defendant to destroy their biometric identifiers and information after termination of the employment relationship;

D. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs; and

E. Awarding such other and further relief as equity and justice may require.

**JURY DEMAND**

Plaintiff demands a trial by jury.

                                                    Respectfully submitted:

                                                    By:/s/ *Michael W. Drew*
                                                             Michael W. Drew

Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com


Celetha Chatman
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Tel (312) 757-1880
cchatman@communitylawyersgroup.com

*Attorneys for Plaintiff*

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorneys' fees have been assigned to counsel.

By:/s/ *Michael W. Drew*
Michael W. Drew