IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE BREWER, <br> on behalf of himself and all others <br> similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PEPPERIDGE FARM, INCORPORATED, <br><br> Defendant | Case No. 21-cv-535 <br><br> Hon. John Z. Lee <br><br> Magistrate Hon. Sheila Finnegan |

**JOINT INITIAL STATUS REPORT**

**I.  Nature of the Case**

  A.  Attorneys of Record:

  **1. Plaintiff**

Michael W. Drew
Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com
*Attorneys for Plaintiff*


  **2. Defendant**

Elizabeth B. Herrington
Tyler Z. Zmick
Morgan, Lewis & Bockius LLP
77 West Wacker Dr., Fifth Floor
Chicago, IL 60601-5094
Tel. 312.324.1445
Fax 312.324.1001
Beth.Herrington@morganlewis.com
Tyler.Zmick@morganlewis.com

Raechel Keay Kummer (*pro hac vice* forthcoming)
Lindsey Titus Levy (*pro hac vice* forthcoming)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel. 202.739.3000
Fax 202.739.3001
Raechel.Kummer@morganlewis.com
Lindsey.Levy@morganlewis.com

B. <u>Jurisdiction</u>

Plaintiff is asserting diversity jurisdiction. Plaintiff is a citizen of Illinois. Defendant is a corporation incorporated in Connecticut with its headquarters in Norwalk, Connecticut. It is thus a citizen of Connecticut. Plaintiff is claiming in excess of $75,000 in damages based on per-scan liability under Illinois' Biometric Information Privacy Act, 740 ILCS 14/ *et seq.* ("BIPA").

C. <u>Claims Asserted</u>

Plaintiff is a former employee of Defendant. Plaintiff was required to use a biometric timeclock during his tenure at Defendant's plant in Illinois. Plaintiff alleges that Defendant obtained his biometric data but did not comply with BIPA. He is asking for statutory damages of between $1,000 and $5,000 per violation and injunctive relief aimed at protecting his biometric data. He is asserting the claims on behalf of himself and a putative class.

D. <u>Major Legal and Factual Issues</u>

**Plaintiff:**

- Whether Defendant obtained Plaintiff's biometric information or identifiers as that term is defined under BIPA, § 14/10;

- Whether Defendant had Plaintiff's prior express written consent to obtain any such biometric data;

- Whether Defendant developed and complied with a written, publicly available, destruction and retention schedule for the biometric data they were in possession of;

- Whether Defendant stored and transmitted the biometric data in a BIPA-compliant manner;

- The number of violations Defendant committed and the amount of statutory damages;

- Whether a class can be certified under Fed. R. Civ. P. 23.

**Defendant:**

- Whether Plaintiff has adequately stated viable claims under the law.

- Whether Plaintiff can satisfy the requirements for class certification under Rule 23.

- Whether the technology at issue in the Complaint implicates BIPA.

- Whether Plaintiff and members of the putative class consented to the collection of their alleged biometric data.

E. <u>Relief Sought</u>

Plaintiff seeks statutory damages of $1,000 for each negligent violation of BIPA and $5,000 for each intentional or reckless violation. He also seeks reasonable attorneys' fees and costs. Further, Plaintiff is seeking injunctive and other equitable relief to protect the interests of himself and the Class, including an order requiring Defendant to destroy their biometric identifiers and information after termination of the employment relationship.

## II. Pending Motions and Case Plan

A. The initial status hearing is set for April 27, 2021 at 9:00 AM. It will be held telephonically.

B. There are no pending motions. Defendant's responsive pleading is not due until May 17, 2021.

C. Discovery Plan:

**Plaintiff's position:**

1. Plaintiff anticipates needing written discovery, 1-2 depositions, and electronic discovery.

2. Written Discovery to issue: **June 28, 2021**.

3. Deadline to amend pleadings: **August 9, 2021**.

4. Fact Discovery to close: **October 29, 2021**.

5. Plaintiff does not anticipate the need for expert discovery at this point.

6. Dispositive Motions to be filed by: **December 13, 2021**.

**Defendant's position:**

Defendant requests that the Court not set discovery or other case deadlines until after Defendant files its responsive pleading on May 17, 2021. Defendant was only recently served with the Complaint and is still investigating the allegations. Therefore, Defendant asks that the Court re-set the status conference following May 17, 2021 and if appropriate, set discovery and other case deadlines at that time.

D. Jury Trial

1. Plaintiff requests a trial by jury.

2. Parties anticipate the length of the trial will be 2-3 days.

**III.  Consent to Proceed Before a Magistrate Judge**

The Parties do not consent to proceed before a Magistrate Judge at this point.

**IV.  Settlement Discussions**

The parties have not discussed settlement yet and do not believe a settlement conference would be productive at this point.

4

Respectfully submitted:

By: /s/ Michael W. Drew

Michael W. Drew
Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com

*Attorneys for Plaintiff*

By: /s/ Elizabeth Herrington

Elizabeth B. Herrington
Tyler Z. Zmick
Morgan, Lewis & Bockius LLP
77 West Wacker Dr., Fifth Floor
Chicago, IL 60601-5094
Tel. 312.324.1445
Fax 312.324.1001
Beth.Herrington@morganlewis.com
Tyler.Zmick@morganlewis.com

Raechel Keay Kummer (*pro hac vice* forthcoming)
Lindsey Titus Levy (*pro hac vice* forthcoming)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel. 202.739.3000
Fax 202.739.3001
Raechel.Kummer@morganlewis.com
Lindsey.Levy@morganlewis.com

*Attorneys for Defendant*