IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE BREWER, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:21-cv-00535 ) |
| v. | ) Hon. John Z. Lee ) |
| PEPPERIDGE FARM, INCORPORATED, | ) Magistrate Hon. Sheila Finnegan ) |
| Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT PEPPERIDGE FARM, INCORPORATED'S OPPOSED MOTION TO DISMISS**

Plaintiff Tyrone Brewer alleges that Defendant Pepperidge Farm, Incorporated ("Pepperidge Farm") scanned his "handprint" and used it as an "authentication method" to grant Plaintiff access to Pepperidge Farm's Downers Grove, Illinois facility. Plaintiff further alleges that scanning his "handprint" violated Illinois's Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, by collecting and disclosing employees' biometric information without informed consent, failing to maintain a public biometric retention policy, and not "stor[ing], transmit[ting], and protect[ing]" the information using a reasonable standard of care.

Plaintiff's Complaint should be dismissed in its entirety under Rule 12(b)(6) because his BIPA statutory damages claims are preempted by the exclusive remedy provisions of the Illinois Workers' Compensation Act (the "IWCA"), 820 ILCS 305/1 *et seq.* The Court should also dismiss his claim under BIPA Section 15(a) because Plaintiff fails to state a claim that Pepperidge Farm unlawfully retained his biometrics. Accordingly, the Court should dismiss the Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1

## BACKGROUND

Plaintiff alleges he worked at a Pepperidge Farm manufacturing plant in Downers Grove for three weeks in May 2020. ECF No. 1, Compl. ¶¶ 10–11, 13. Plaintiff alleges that "[a]t the start of his employment, his handprint was scanned and saved by the biometric time clock system," and that "[h]is handprint was then used to identify him during his workhours, when he needed to get through the building door." Compl. ¶ 14; *see also* Compl. ¶ 15 ("Each time Plaintiff needed to access the building, Plaintiff had to scan his hand on a biometric time clock that looked like a 3-foot-tall podium and enter in a six-digit code, which was the last six digits of his social security number, to open the door.").

Plaintiff contends that his "handprint" is "biometric information" subject to BIPA, Compl. ¶ 16, and claims that Pepperidge Farm failed to develop and comply with a public retention policy or obtain Plaintiff's written release before collecting his purported biometrics. Compl. ¶¶ 25, 27. Plaintiff also alleges, "on information and belief," that: (1) Pepperidge Farm "allowed other employees and third-parties (for example, the on-site staffing company that hired Plaintiff) access to the print and scan database and disseminated the biometric information by transmitting it both internally and externally," Compl. ¶ 29; and (2) "access to the fingerprint database was essentially open to large numbers of [Pepperidge Farm's] employees, agents, and subcontractors." Compl. ¶ 32.

Based on these allegations, Plaintiff asserts that Pepperidge Farm violated BIPA by: (1) failing to develop and comply with a "publicly available retention and destruction schedule," in alleged violation of 740 ILCS 14/15(a), Compl. ¶¶ 40–41; (2) "obtaining biometric identifiers without making the required disclosures and receiving a written release," in alleged violation of 740 ILCS 14/15(b), Compl. ¶¶ 44; (3) "disclosing, re-disclosing, or disseminating Plaintiff[']s" . . .

biometric information" without his consent, in alleged violation of 740 ILCS 14/15(d), Compl. ¶¶ 30, 49; and (4) "failing to store, transmit, and protect the fingerprint database with the requisite level of care," in alleged violation of 740 ILCS 14/15(e), Compl. ¶ 53.[1]

## **LEGAL STANDARD**

Rule 12(b)(6) requires dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, allegations must be more than "speculative," "conceivable," and "possible" and instead must be facially "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 566–67, 570 (2007). Although a district court accepts well-pleaded allegations as true, a court must disregard "legal conclusions" and other "conclusory statements," fully scrutinizing allegations to ensure that they are truly plausible and not "merely consistent with a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). A plaintiff, for instance, cannot satisfy the plausibility standard by "merely parrot[ing] statutory language of the claims that [he is] pleading . . . rather than providing some specific facts to ground those legal claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).[2]

---

[1] Pepperidge Farm does not concede that the alleged "scanner" collected or stored any "biometric identifiers" and/or "biometric information" as defined by BIPA, but uses those terms solely because Plaintiff's allegations must be taken as true on a motion to dismiss. Pepperidge Farm also denies that the conduct alleged constitutes separate "violation[s]" under BIPA. *See* 740 ILCS 14/20 (allowing relief to "prevailing party" in BIPA action "for each violation").

[2] *See also Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011) ("So suppose some of the plaintiff's factual allegations are unrealistic or nonsensical and others not, some contradict others, and some are 'speculative' in the sense of implausible and ungrounded. The district court has to consider all these features of a complaint en route to deciding whether the complaint has enough substance to warrant putting the defendant to the expense of discovery.").

# ARGUMENT

I. **PLAINTIFF'S BIPA STATUTORY DAMAGES CLAIMS ARE BARRED BY THE IWCA'S EXCLUSIVE REMEDY PROVISIONS.**

    A. **The IWCA Provides the Exclusive Remedy for Employees Seeking Statutory Damages Allegedly Caused by Workplace Injuries.**

The IWCA makes workers' compensation the "exclusive remedy" for "accidental injuries arising out of and in the course of the employment." 820 ILCS 305/5(a), 11; *see Folta v. Ferro Engineering*, 2015 IL 118070, ¶ 12, 43 N.E.3d 108, 112 ("In exchange for a system of no-fault liability upon the employer, the employee is subject to statutory limitations on recovery for injuries . . . arising out of and in the course of employment.").

IWCA Section 5(a) makes the "exclusive remedy" provisions applicable not only to "common law" actions but also to a "statutory right to recover damages from the employer," such as BIPA. 820 ILCS 305/5(a). Section 5(a) limits employees to the compensation provided by the IWCA when they have a "common law *or statutory right to recover damages* from the employer" for "injury . . . sustained . . . while engaged in the line of his duty." 820 ILCS 305/5(a) (emphasis added). Section 11 explicitly states that the compensation provided by the IWCA is the employer's full "measure of responsibility" for "accidental injuries sustained by any employee arising out of and in the course of the employment." 820 ILCS 305/11.

    B. **Plaintiff's Alleged Workplace Injury Is Not Excepted from the Broad Exclusivity Provision of the IWCA.**

Collectively, Sections 5 and 11 of the IWCA bar Plaintiff from recovering statutory damages from Pepperidge Farm under BIPA unless Plaintiff alleges and proves his purported injury: (1) was not accidental but intentionally inflicted, (2) did not arise from his employment, (3) did not occur during the course of his employment, or (4) is not compensable under the IWCA. *Meerbrey v. Marshall Field & Co., Inc.*, 139 Ill. 2d 455, 462–63, 564 N.E.2d 1222, 1226 (1990);

*see Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1039 (7th Cir. 2018) (plaintiff bears burden to establish exception to exclusivity). The Complaint pleads none of the four exceptions to the IWCA's exclusivity rule. Rather, Plaintiff alleges "an accidental injury that arises out of and in the course of employment" – *i.e.*, the IWCA's exclusive remedy provisions apply and preempt his claims for damages under BIPA.

### 1. Plaintiff Alleges An "Accidental Injury."

The IWCA's exclusive remedy provisions have an "accidental injury" requirement, meaning employers cannot intentionally injure employees and then argue that employee lawsuits are preempted by the Act. *See Colliers v. Wagner Castings Co.*, 81 Ill. 2d 229, 240, 408 N.E.2d 198, 203 (1980); *Copass v. Illinois Power Co.*, 211 Ill. App. 3d 205, 212, 569 N.E.2d 1211, 1215 (4th Dist. 1991). Workplace injuries are "accidental" unless the complaint alleges the employer specifically intended to injure the plaintiff. *Id.* at 212–14.

To strip the injury of its "accidental character," a plaintiff must allege the employer acted with "specific intent to ***injure*** plaintiff." *Id.* at 214 (emphasis added); *Mayfield v. ACME Barrel Co.*, 258 Ill. App. 3d 32, 35, 629 N.E.2d 690, 694 (1st Dist. 1994) (it is "only when the employer acts with specific intent to injure the employee that the resultant injury is stripped of its accidental character"); *Garland v. Morgan Stanley & Co., Inc.*, 2013 IL App (1st) 112121, ¶ 29, 996 N.E.2d 188, 198 (plaintiff "must allege that the defendant acted deliberately with specific intent to injure the employee"); *Bercaw v. Domino's Pizza, Inc.*, 258 Ill. App. 3d 211, 217, 630 N.E.2d 166, 170 (2d Dist. 1994) (affirming preemption of claim under IWCA and holding alleged injury "accidental" because "plaintiffs have not alleged a specific intent by [defendant] to harm [plaintiff]").

Here, Plaintiff does not allege a "specific intent by defendant to injure plaintiff." Because the Complaint does not allege Pepperidge Farm intended to injure Plaintiff, his injury remains "accidental" under the exclusive remedy rule. The first exception for intentional injuries thus would not apply.

### 2. Plaintiff Alleges An Injury That "Arises Out of" His Employment.

The IWCA's exclusive remedy test requires the alleged injury to "arise out of" the employment to ensure the injury is causally connected to the employment. *Senesac v. Employer's Voc. Res.*, 324 Ill. App. 3d 380, 386, 754 N.E.2d 363, 369 (1st Dist. 2001). An injury "arises out of" the employment "if, at the time of the occurrence, the employee was performing acts he was instructed to perform by his employer, acts which he had a common law or statutory duty to perform, or acts which the employee might reasonably be expected to perform incident to his assigned duties." *Caterpillar Tractor Co. v. Indus. Com*, 129 Ill. 2d 52, 58, 541 N.E.2d 665, 667 (1989).

Plaintiff alleges a causal connection between his employment and alleged injury. Plaintiff claims that Pepperidge Farm "scanned" and "saved" his "handprint" without first complying with BIPA's policy, notice, and consent requirements, Compl. ¶¶ 13–14, 25, and that his "handprint" was "used to identify him during his workhours, when he needed to get through the building door." Compl. ¶ 14. Thus, Plaintiff's alleged injury allegedly is causally connected to his employment, to duties he was required to perform at work, and which occurred at work. The second exception for injuries "not aris[ing] out of the employment" thus would not apply.

### 3. Plaintiff Alleges An Injury "In the Course of" His Employment.

Injuries sustained on an employer's premises and during working hours while an employee performs work duties are deemed to arise "in the course of the employment." *Caterpillar*, 129 Ill.

6

2d at 57, 541 N.E.2d at 666.  Here, Plaintiff alleges that Pepperidge Farm had a "biometric time clock system" that used a "handprint" scanner to "scan[] and save[]" Plaintiff's "handprint . . . to identify to identify him during his workhours, when he needed to get through the building door." Compl. ¶ 14.  The Complaint further alleges that each day Plaintiff worked, he "scanned his hand" to "access the building" where he worked.  Compl. ¶¶ 10, 14–15.  Thus, the injury Plaintiff allegedly sustained allegedly occurred during working hours, at the location where he worked, and while performing his job duties – *i.e.*, in the course of his employment. The third exception therefore would be inapplicable.

### 4. The Alleged Injury Would Be Compensable Under the IWCA.

Because Plaintiff alleges an injury arising out of and occurring during the course of his employment, his alleged injury would be "compensable" under the IWCA.  *See Folta*, 2015 IL 118070, ¶¶ 18–30, 43 N.E.3d at 113–16 (broadly construing exclusivity provisions of Sections 5(a) and 11 to hold that injury will be found "compensable" under the Act when it "aris[es] out of and in the course of the employment"); *Pathfinder Co. v. Industrial Comm'n*, 62 Ill. 2d 556, 563, 343 N.E.2d 913, 917 (1992); *Meerbrey*, 139 Ill. 2d at 468, 564 N.E.2d at 1228; *Unger v. Continental Assurance Co.*, 107 Ill. 2d 79, 85, 481 N.E.2d 684, 687 (1985) (similar); *Collier*, 81 Ill. 2d at 237–38, 408 N.E.2d at 202 (similar); *Sjostrom v. Sproule*, 33 Ill. 2d 40, 43, 210 N.E.2d 209, 211 (1965) (similar); *Richardson v. County of Cook*, 250 Ill. App. 3d 544, 548, 621 N.E.2d 114, 118 (1st Dist. 1993) (similar).

Plaintiff pleads himself out of court by alleging an injury that purportedly "arises out of and in the course of the employment" and ***would be*** compensable under the IWCA.  Plaintiff cannot establish that his alleged injury avoids the exclusivity provisions of the IWCA, and his claim for damages is thus preempted and should be dismissed.

### C. Illinois Supreme Court IWCA Precedent Supports Dismissal.

Illinois Supreme Court precedent supports dismissal here. *See Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002) ("[T]he task of the federal court sitting in diversity is to ascertain the substantive content of state law as it [] has been determined by the highest court of the state."). The IWCA does not distinguish between types of injuries except in one respect – it requires only that the injury be "in the line of duty" or "arising out of and in the course of the employment." *See* 820 ILCS §§ 305/5(a), 11. Indeed, the Illinois Supreme Court previously noted that, where the plain language of the statute applies to "***any*** injury to health [or] disease," it would be a "radical departure to suggest" that that language applies "only for ***certain*** occupational diseases." *Folta*, 2015 IL 118070, ¶ 41, 43 N.E.3d at 118 (construing 820 ILCS 310/5(a) and 820 ILCS 310/11, which are "viewed analogously" to the exclusivity provisions "for purposes of judicial construction"); *see also Meerbrey*, 139 Ill. 2d at 467–68, 564 N.E.2d at 1228 (deeming "humiliation" arising from false arrest to be within the categorical purview of the IWCA).

A recent state intermediate appellate court decision in *McDonald v. Symphony Bronzeville Park, LLC*, 2020 IL App (1st) 192398, attempted to create a new exception to workers' compensation exclusivity. But this ruling does not necessarily impact the analysis here because inferior state court rulings lack the force of the state Supreme Court precedent cited above. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("[U]nder *Erie* our task [] is to predict what the state's highest court will do. . . . But decisions of intermediate state courts lack similar force; they, too, are just prognostications."); *Gruner v. Huron Consulting Grp., Inc.*, No. 18 CV 02143, 2019 WL 3776762, at *7 n.10 (N.D. Ill. Aug. 12, 2019) (rejecting reasoning of Illinois Appellate Court decision in part because of "absence of intervening precedent from the

8

Illinois Supreme Court"). Pepperidge Farm acknowledges that other courts have rejected the argument that BIPA claims for statutory damages brought in the employment context are preempted by the IWCA. *See, e.g., Quarles v. Pret a Manger (USA) Ltd.*, No. 20 CV 7179, 2021 WL 1614518, at *2 (N.D. Ill. Apr. 26, 2021) (citing cases). This Court should hold otherwise based on long-standing Illinois Supreme Court case law.

The Illinois Supreme Court will also soon provide clarification regarding this important issue of Illinois law, as it accepted defendant-appellant's petition for leave to appeal the *McDonald* case on January 27, 2021. None of the four exceptions to the IWCA's broad exclusivity provision apply here (discussed above) and given the Illinois Supreme Court's recent acceptance of defendant-appellant's petition for leave to appeal the *McDonald* case,

The Illinois Supreme Court will soon provide clarification regarding this important issue of Illinois law, as it accepted defendant-appellant's petition for leave to appeal the *McDonald* case on January 27, 2021. As Judge Kocoras recently noted in *Jones v. IAS Logistics DFW, LLC d/b/a Pinnacle Logistics*, Case No. 19-cv-02510, ECF No. 74 (N.D. Ill. April 27, 2021) when granting a defendant's motion to stay the case pending the *McDonald* Illinois Supreme Court decision:

> If the Illinois Appellate Court's conclusion were truly so firm, what need would there be for the Illinois Supreme Court to take up the case? And why would at least several Illinois Supreme Court justices feel a need to clarify something that was already pellucidly clear? Ultimately, the Illinois Supreme Court must be hinting at something.

Pepperidge Farm is also therefore simultaneously moving to stay this case pending decisions in four interlocutory appeals, including *McDonald*.[3]

---

[3] Pepperidge Farm requests that the Court address its Motion to Stay before this Motion to Dismiss to promote efficiency and judicial economy.

9

II. **PLAINTIFF FAILS TO STATE A CLAIM UNDER BIPA SECTION 15(a) BECAUSE THE CLAIM IS UNRIPE AND BECAUSE PLAINTIFF FAILS TO ALLEGE A NECESSARY ANTECEDENT ALLEGATION.**

Even if the IWCA does not preempt Plaintiff's BIPA claims in their entirety, his BIPA Section 15(a) claim would *still* fail because Plaintiff fails to plausibly plead that his Section 15(a) claim is ripe for adjudication. Under Section 15(a), entities in possession of biometric information must develop and comply with a public written policy "establishing a retention schedule and guidelines for permanently destroying . . . biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

Plaintiff alleges that Pepperidge Farm utilizes a hand scanner at the entrance of the Downers Grove plant for security purposes – *i.e.*, to ensure only authorized personnel can enter the building. *See* Compl. ¶ 3 (noting "use of fingerprint scans may be more secure for the building than key fobs, identification cards, or combination cards"); Compl. ¶¶ 14–15. Plaintiff does *not* allege that Pepperidge Farm no longer uses the hand scanner for security, and he thus fails to allege that any obligation to destroy data under Section 15(a) has been triggered. Pepperidge Farm's alleged "initial purpose for collecting" Plaintiff's biometric information has not been "satisfied," because Plaintiff's purported biometric information can still be used to ensure unauthorized personnel (*e.g.*, former employees) do not enter the building. Plaintiff's Section 15(a) claim would not ripen until that purpose is satisfied or three years from his "last interaction with" Pepperidge Farm (May 2023, based on Plaintiff's claim that he worked at Pepperidge Farm for three weeks in May 2020, Compl. ¶ 10, 13). *See, e.g.*, *Bryant v. Compass Group USA, Inc.*, 2020 WL 7013963, at \*2–3 (N.D. Ill. Nov. 29, 2020) (dismissing "unripe" Section 15(a) claim where plaintiff failed to allege that initial purpose for collecting biometric data was satisfied); *Hazlitt v. Apple Inc.*, 2020

WL 6681374, at *6 (S.D. Ill. Nov. 12, 2020) (plaintiffs "fail[ed] to describe a violation" of Section 15(a) by "not alleg[ing] that they have ceased use of the application or device collecting the biometric data," meaning "the initial purpose for collecting the data has not been satisfied, nor have three years passed since Plaintiffs last interacted with Apple or its devices").

The Court should also dismiss the Section 15(a) claim because Plaintiff alleges Pepperidge Farm "did not develop any policy regarding biometric information." Compl. ¶ 25; *see also* Compl. ¶ 40. Creating a written biometric retention policy, however, is an "antecedent allegation" required to state a Section 15(a) claim. *See Bryant*, 2020 WL 7013963, at *2 (dismissing Section 15(a) claim where complaint was "silent as to whether [defendant] had any retention and destruction guidelines" and noting: "[o]ne cannot fail to comply with guidelines that do not exist. Merely holding on to biometric information does not give rise to a § 15(a) claim unless holding on to it violates the established retention and destruction guidelines"). The Court should therefore dismiss Plaintiff's Section 15(a) claim under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Pepperidge Farm respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice because Plaintiff's claims for statutory damages under BIPA are preempted by the Illinois Workers' Compensation Act. Alternatively, Pepperidge Farm requests that the Court dismiss Plaintiff's claim under BIPA Section 15(a) for failure to state a claim.

11

Dated: May 17, 2021

Respectfully submitted,

**PEPPERIDGE FARM, INCORPORATED**

By: */s/ Elizabeth B. Herrington*
Elizabeth B. Herrington
Tyler Z. Zmick
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Dr., Fifth Floor
Chicago, IL 60601-5094
Tel. 312.324.1445
Fax 312.324.1001
Beth.Herrington@morganlewis.com
Tyler.Zmick@morganlewis.com

Raechel Keay Kummer (*pro hac vice* forthcoming)
Lindsey Titus Levy (*pro hac vice* forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel. 202.739.3000
Fax 202.739.3001
Raechel.Kummer@morganlewis.com
Lindsey.Levy@morganlewis.com

## CERTIFICATE OF SERVICE

I, Elizabeth B. Herrington, hereby certify that on this 17th day of May, 2021, I caused a copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF System.

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington