**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TYRONE BREWER, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:21-cv-00535 |
| v. | ) ) | Hon. John Z. Lee |
| PEPPERIDGE FARM, INCORPORATED, | ) ) | Magistrate Hon. Sheila Finnegan |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT PEPPERIDGE
FARM, INCORPORATED'S POSITION REGARDING THE COURT'S JURISDICTION
AND OPPOSED MOTION TO DISMISS**

Plaintiff Tyrone Brewer alleges that Defendant Pepperidge Farm, Incorporated ("Pepperidge Farm") scanned his "handprint" and used it as an "authentication method" to grant Plaintiff access to Pepperidge Farm's Downers Grove, Illinois facility. Plaintiff further alleges that by scanning his "handprint" Pepperidge Farm violated Illinois's Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, by collecting and disclosing his and other employees' biometric information without informed consent, failing to maintain a public biometric retention policy, and not "stor[ing], transmit[ting], and protect[ing]" the information using a reasonable standard of care.

Pepperidge Farm filed a Motion to Dismiss for Failure to State a Claim on May 17, 2021 asserting, among other arguments, that Plaintiff's BIPA claims are preempted by the Illinois Workers' Compensation Act ("IWCA"). ECF No. 17. On March 24, 2022, the Court vacated Pepperidge Farm's Motion following the Illinois Supreme Court's decision in *McDonald v. Symphony Bronzeville Park, LLC,* 2022 WL 318649 (Ill. Feb. 3, 2022), which held that the IWCA does not preempt BIPA. The Court then ordered Pepperidge Farm to file an amended Motion and requested both parties address "the implications of the Seventh Circuit's decision in Cothron on this Court's subject matter jurisdiction in the instant case[.]" ECF No. 33.

1

Based on the current state of the law, Plaintiff has plausibly pled diversity jurisdiction. Plaintiff's ability to allege the $75,000 in controversy required for diversity jurisdiction, however, may change with the outcome of *Cothron v. White Castle Sys., Inc.*, which is pending in the Illinois Supreme Court on a certified question from the Seventh Circuit. *Cothron v. White Castle Sys., Inc.*, Case No. 128004. Should *Cothron* correctly determine a BIPA claim accrues only upon the first collection or transmission of biometric identifiers in violation of the statute's requirements, Plaintiff will be unable to assert $75,000 in controversy and his Complaint should be dismissed.

Regardless of the outcome of *Cothron*, the Court should dismiss Plaintiff's BIPA Section 15(a) claim pursuant to Rule 12(b)(6) because Plaintiff fails to state a claim that Pepperidge Farm unlawfully retained his biometrics.

## **BACKGROUND**

Plaintiff alleges he worked at a Pepperidge Farm manufacturing plant in Downers Grove for three weeks in May 2020. ECF No. 1, Compl. ¶¶ 10–11, 13. Plaintiff alleges that "[a]t the start of his employment, his handprint was scanned and saved by the biometric time clock system," and that "[h]is handprint was then used to identify him during his workhours, when he needed to get through the building door." Compl. ¶ 14; *see also* Compl. ¶ 15 ("Each time Plaintiff needed to access the building, Plaintiff had to scan his hand on a biometric time clock that looked like a 3-foot-tall podium and enter in a six-digit code, which was the last six digits of his social security number, to open the door.").

Plaintiff contends that his "handprint" is "biometric information" subject to BIPA, Compl. ¶ 16, and claims that Pepperidge Farm failed to develop and comply with a public retention policy or obtain Plaintiff's written release before collecting his alleged biometric information Compl. ¶¶ 25, 27. Plaintiff also alleges, "on information and belief," that: (1) Pepperidge Farm "allowed other

employees and third-parties (for example, the on-site staffing company that hired Plaintiff) access to the print and scan database and disseminated the biometric information by transmitting it both internally and externally," Compl. ¶ 29; and (2) "access to the fingerprint database was essentially open to large numbers of [Pepperidge Farm's] employees, agents, and subcontractors." Compl. ¶ 32.

Based on these allegations, Plaintiff asserts that Pepperidge Farm violated BIPA by: (1) failing to develop and comply with a "publicly available retention and destruction schedule," in alleged violation of 740 ILCS 14/15(a), Compl. ¶¶ 40–41; (2) "obtaining biometric identifiers without making the required disclosures and receiving a written release," in alleged violation of 740 ILCS 14/15(b), Compl. ¶¶ 44; (3) "disclosing, re-disclosing, or disseminating Plaintiff['s] . . . biometric information" without his consent, in alleged violation of 740 ILCS 14/15(d), Compl. ¶¶ 30, 49; and (4) "failing to store, transmit, and protect the fingerprint database with the requisite level of care," in alleged violation of 740 ILCS 14/15(e), Compl. ¶ 53.[1]

## ARGUMENT

**I.      THIS COURT HAS SUBJECT MATTER JURISDICTION.**

Plaintiff invoked the Court's diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332(a). Compl. ¶¶ 8 – 10. Diversity jurisdiction requires complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, exclusive of costs and interest. 28 U.S.C. §1332(a). Plaintiff alleges he is a citizen of the state of Illinois, and he alleges Pepperidge Farm is a citizen of Connecticut. Compl. ¶¶ 6 – 7. Pepperidge Farm has not yet filed its answer

---

[1] Pepperidge Farm does not concede that the alleged "scanner" collected or stored any "biometric identifiers" and/or "biometric information" as defined by BIPA but uses those terms solely because Plaintiff's allegations must be taken as true on a motion to dismiss. Pepperidge Farm also denies that the conduct alleged constitutes separate "violation[s]" under BIPA. *See* 740 ILCS 14/20 (allowing relief to "prevailing party" in BIPA action "for each violation").

but does not contest diversity of the parties.

Plaintiff alleges that he may recover between $1,000 and $5,000 in statutory damages for *each* violation of BIPA. Compl. ¶ 10 (emphasis in original). Some courts have held that a BIPA violation accrues each time a defendant collects biometric identifiers from a plaintiff. For example, in *Cothron v. White Castle,* 477 F. Supp. 3d 723, 732 – 33 (N.D. Ill. 2020), the district court held "[a] party violates Section 15(b) when it collects, captures, or otherwise obtains a person's biometric information without prior informed consent. This is true the first time . . . but it is no less true with each subsequent scan or collection. . . . The language of Section 15(d) requires the same result." *See also Watson v. Legacy Healthcare Fin. Servs., LLC,* 2021 IL App (1st) 210279, ¶ 46 ("the plain language of the statute establishes that it applies to each and every capture and use of plaintiff's fingerprint or hand scan"). To be clear, Pepperidge Farm disagrees with these decisions and believes that a BIPA violation accrues one time only.

After the Seventh Circuit heard oral argument in the appeal of *Cothron v. White Castle System Inc.*, on September 14, 2021, it certified the following question to the Illinois Supreme Court on December 20, 2021:

> Do section 15(b) and 15(d) claims accrue each time a private entity scans a person's biometric identifier and each time a private entity transmits such a scan to a third party, respectively, or only upon the first scan and first transmission?

*Cothron v. White Castle Sys., Inc.*, 20 F.4th 1156, 1167 (7th Cir. 2021). The matter will be heard by the Illinois Supreme Court on May 17, 2022 at 9:00 a.m. Call of the Docket, Supreme Court of Illinois (April 19, 2022), https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/f7063edf-218f-4687-be85-ad3039ea974b/May%202022.pdf. If the Illinois Supreme Court answers the certified question as framed by the Seventh Circuit, the Court will determine whether someone in Plaintiff's position may recover statutory damages of $1,000 or

$5,000 for every collection or transmission of their biometric identifier, or only for the first collection or transmission. This Illinois Supreme Court's decision will have significant implications for the amount of recoverable damages under BIPA.

Under the current state of the law, however, Plaintiff appears to have at least plausibly pled an amount of controversy that exceeds $75,000. Plaintiff estimates "he scanned his hand 6 times a day, 6 days a week, for his three-week term of employment." Compl. ¶ 10. Based on Plaintiff's allegations, he scanned his hand 108 times during his three-week employment. *See Id.* If the Illinois Supreme Court agrees with the *Cothron* district court's ruling, Plaintiff would be entitled to $108,000 for 108 negligent violations of BIPA or $540,000 for 108 intentional or reckless violations of BIPA.

If the Illinois Supreme Court correctly holds that a BIPA claim accrues only upon the first collection or transmission of biometric data in violation of the statute's requirements, and that subsequent violative scans do not give rise to separate claims, then Plaintiff's claims are limited to either $1,000 for a negligent violation of BIPA or $5,000 for an intentional or reckless violation of BIPA. Under this scenario, the Court will lack subject matter jurisdiction and his claim must be dismissed.

II. **PLAINTIFF FAILS TO STATE A CLAIM UNDER BIPA SECTION 15(a) BECAUSE THE CLAIM IS UNRIPE AND BECAUSE PLAINTIFF FAILS TO ALLEGE A NECESSARY ANTECEDENT ALLEGATION.**

Rule 12(b)(6) requires dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To state a claim, allegations must be more than "speculative," "conceivable," and "possible" and instead must be facially "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 566–67, 570 (2007). Although a district court accepts well-pleaded allegations as true, a court must disregard "legal conclusions" and other "conclusory

statements," fully scrutinizing allegations to ensure that they are truly plausible and not "merely consistent with a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). A plaintiff, for instance, cannot satisfy the plausibility standard by "merely parrot[ing] statutory language of the claims that [he is] pleading . . . rather than providing some specific facts to ground those legal claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).[2]

Plaintiff's BIPA Section 15(a) claim should be dismissed because Plaintiff fails to plausibly plead that his Section 15(a) claim is ripe for adjudication. Under Section 15(a), entities in possession of biometric information must develop and comply with a public written policy "establishing a retention schedule and guidelines for permanently destroying . . . biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a). Plaintiff alleges that Pepperidge Farm utilizes a hand scanner at the entrance of the Downers Grove plant for security purposes – *i.e.,* to ensure only authorized personnel can enter the building. *See* Compl. ¶ 3 (noting "use of fingerprint scans may be more secure for the building than key fobs, identification cards, or combination cards"); Compl. ¶¶ 14–15. Plaintiff does ***not*** allege that Pepperidge Farm no longer uses the hand scanner for security, and he thus fails to allege that any obligation to destroy data under Section 15(a) has been triggered. Pepperidge Farm's alleged "initial purpose for collecting" Plaintiff's biometric information has not been "satisfied," because Plaintiff's purported biometric information can still be used to ensure unauthorized personnel (*e.g.,* former employees) do not enter the building. Plaintiff's Section 15(a)

---

[2] *See also Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011) ("So suppose some of the plaintiff's factual allegations are unrealistic or nonsensical and others not, some contradict others, and some are 'speculative' in the sense of implausible and ungrounded. The district court has to consider all these features of a complaint en route to deciding whether the complaint has enough substance to warrant putting the defendant to the expense of discovery.").

claim would not ripen until that purpose is satisfied or three years from his "last interaction with" Pepperidge Farm (May 2023, based on Plaintiff's claim that he worked at Pepperidge Farm for three weeks in May 2020, Compl. ¶ 10, 13). *See, e.g., Bryant v. Compass Group USA, Inc.*, 2020 WL 7013963, at *2–3 (N.D. Ill. Nov. 29, 2020) (dismissing "unripe" Section 15(a) claim where plaintiff failed to allege that initial purpose for collecting biometric data was satisfied).

The Court should also dismiss the Section 15(a) claim because Plaintiff alleges Pepperidge Farm "did not develop any policy regarding biometric information." Compl. ¶ 25; *see also* Compl. ¶ 40. Creating a written biometric retention policy, however, is an "antecedent allegation" required to state a Section 15(a) claim. *See Bryant*, 2020 WL 7013963, at *2 (dismissing Section 15(a) claim where complaint was "silent as to whether [defendant] had any retention and destruction guidelines" and noting: "[o]ne cannot fail to comply with guidelines that do not exist. Merely holding on to biometric information does not give rise to a § 15(a) claim unless holding on to it violates the established retention and destruction guidelines"). The Court should therefore dismiss Plaintiff's Section 15(a) claim under Rule 12(b)(6).

<u>CONCLUSION</u>

For the foregoing reasons, Pepperidge Farm respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice if this Court lacks subject matter jurisdiction following a decision in *Cothron*. Pepperidge Farm further requests that the Court dismiss Plaintiff's claim under BIPA Section 15(a) for failure to state a claim.

Dated:  April 29, 2022                              Respectfully submitted,

                                    **PEPPERIDGE FARM, INCORPORATED**
                                    By: */s/ Elizabeth B. Herrington*
                                    Elizabeth B. Herrington
                                    Gregory T. Fouts
                                    Alborz Hassani
                                    Morgan, Lewis & Bockius LLP
                                    110 North Wacker Drive, Suite 2800
                                    Chicago, Illinois 60606
                                    T: (312) 324-1445
                                    F: (312) 324-1001
                                    beth.herrington@morganlewis.com
                                    gregory.fouts@morganlewis.com
                                    al.hassani@morganlewis.com

## CERTIFICATE OF SERVICE

I, Elizabeth B. Herrington, hereby certify that on this 29th day of April, 2022, I caused a copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF System.

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington